STUDEBAKER CORPORATION OF AMERICA, Appellant, vs. GOLL-MAR and another, Respondents.

*December 9, 1914—January 12, 1915.*

*Sales: Automobiles: Warranty: Replacement of defective part by man-ufacturers: Dealer's contract: Custom: Charge for new part to be paid by return of old: Failure to return: Liquidated damages: Pleading: Counterclaim.*

1. In accordance with a custom of dealing between an automobile manufacturer and a dealer, understood and consented to by the latter, the manufacturer, upon shipping to the dealer a new motor as an exchange of parts pursuant to a warranty, charged up to the dealer the agent's price of the new motor pending the return of the old one, and sent a bill accordingly. A corresponding credit was to be given for the old motor when returned as agreed. *Held,* that there was no purchase and sale of the new motor, but the price so charged for it must be regarded as stipulated damages in case of a failure to return the old one.

2. A counterclaim by the dealer in such case, alleging that the old motor was defective through fault of the manufacturer and that at its special instance and request the dealer had rendered services upon such machine, stating the reasonable value of such services, is a good counterclaim.

APPEAL from a judgment of the circuit court for Sauk county: JAMES O'NEILL, Judge. *Reversed.*

Action to recover the purchase price of a motor. September 1, 1911, the plaintiff and defendants entered into a contract known as a "Dealers Agreement," whereby the latter

were given the exclusive right to sell in a specified territory motor cars manufactured by plaintiff. The contract contained these provisions:

"The dealer agrees that in consideration of the manufacturers furnishing free of charge under the terms of such guaranty, such new parts as ·may be required to make replacement on the cars of customers within his territory, that he will pay the transportation charges on all such parts so furnished from the place of the manufacturer or branch house to the place of delivery to the customer entitled to receive the ·same, and also at the option of the manufacturer return to it such so-called broken or defective parts replaced, on which the manufacturer agrees to pay the return transportation. charges. Such parts replaced by the dealer and claimed to be defective or broken shall be subject to the inspection and approval of the manufacturer." . . .

"If any part or parts of this car break or prove defective within one year from any cause whatsoever, and the customer shall forthwith communicate the facts to the *Studebaker Corporation,* or one of its authorized dealers, giving the number of the car and the name of the dealer from whom the car was bought and the date of purchase, and if it shall appear that such breakage ·was not in fact due to misuse, negligence or accident, the *Studebaker Corporation* will furnish such new part either at a branch house or at its factory in Detroit, Michigan, free of charge to the owner."

Defendants sold a car to one Ott and it was claimed its motor was defective. Plaintiff shipped a new one, and according to its usual custom sent a bill of $410 to defendants. Under the word "terms" therein appeared the words "Charge to same pending return." This was explained by one of the defendants as meaning that the new motor was charged to them at $410, the agent's price, pending the return of the old motor from the Ott car. When that was returned and approved by plaintiff it would give them a credit of $410. The new motor was installed by defendants in Ott's car, but the

motor which was in it when purchased was not returned. The trial court was of the opinion that the plaintiff's action was one for damages for not returning the old motor. Plaintiff refused to introduce any evidence as to the value of the old motor and stood upon its right to recover the purchase price of the new motor, $410.    The defendants had interposed two counterclaims, but in order to enable the court to rule upon plaintiff's contentions these were, upon a motion for a nonsuit, withdrawn.    The court granted the motion for a nonsuit, and from a judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *V. H. Cady* and *Grotophorst, Evans & Thomas,* and oral argument by *Mr. Evan A. Evans* and *Mr. Cady.*

For the respondents there was a brief by *Bentley, Kelley & Hill,* and oral argument by *F. R. Bentley.*

VINJE, J.    The complaint alleges the sale of a motor and that the account therefor became due and payable within a reasonable time either by the return of the defective motor or by a payment in cash.    The trial court did not regard the transaction as a sale to the defendants of a new motor, but as an exchange of parts of a motor car between the purchaser of the car and plaintiff pursuant to the terms of its contract of guaranty carried out through the agency of the defendants; that the defendants breached their contract by failing to return the old motor, and plaintiff's damages resulting therefrom were the value of the old motor and not the purchase price of a new one.    Were this the only transaction of its kind between plaintiff and defendants and had no bill been sent when the new motor was shipped, there would be good ground for limiting the damages to the value of the old motor. But the evidence shows that the custom of dealing in such matters was to charge up to the defendants the agent's price of the new part pending the return of the old, for which, when returned and accepted, a corresponding credit was

given. This custom of dealing was thoroughly understood and consented to by the defendants. The effect of it was equivalent to the plaintiff saying to the defendants and the latter agreeing thereto: You return the old defective part to us or pay us the price charged you for the new. The price charged was the amount of damages agreed upon in case no return of the old part was made. Such a construction works no hardship upon dealers who return defective parts, and at the same time it adequately protects the manufacturer. He would in most cases be unable to prove the value of the defective part because of its having been out of his possession since new. And if the only penalty attached to a failure to return an old part was a payment of what a jury might assess its value, there would often be strong inducements to make purchases of old parts upon such terms. Under the custom of dealing between the parties the amount charged for the new part must be regarded as stipulated damages in case of a failure to return. The trial court was correct in construing the transaction not as a purchase and sale of a new motor, but as an exchange of parts under their contract. The error occurred in applying the wrong measure of damages. Under the evidence plaintiff was entitled to recover $410, the agent's price of the new motor.

Upon the oral argument in this court counsel for plaintiff stated that if it was held plaintiff was entitled to recover $410 it would concede the amount of defendants' first counterclaim in the sum of $182.15 and take judgment for the balance, provided a good counterclaim was stated. Defendants in said counterclaim allege in substance that the Ott motor was defective through the fault of the plaintiff and that at its special instance and request they rendered services upon such machine of the reasonable value of $182.15. This states a good counterclaim. The allegation that the services were rendered at the special instance and request of the plaintiff leaves no room for its claim that under their contract the defendants were required to perform such services without

cost to it.  We must assume that defendants' proof will be as broad as their pleading in passing upon its sufficiency. The defendants, however, have interposed other counter-claims upon which they may desire to stand, so we cannot award judgment for the difference.   But the defendants may have the option of submitting to a judgment against them for $227.85, the difference between $410 and $182.15, or a new trial.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings in accordance with the opinion.